UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHWA AARON WINTRODE, | Case No. 1:24-cv-00053-AKB |
| Plaintiff, | **SUCCESSIVE REVIEW ORDER BY** |
| v. | **SCREENING JUDGE** |
| DR. CLIVE; DR. DAYLEY; DR. McGHINNIS; ADA COUNTY JAIL; and STATE OF IDAHO, | |
| Defendants. | |

Plaintiff Joshwa Aaron Wintrode, a former inmate of the Ada County Jail, is proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (*See Initial Review Order*, Dkt. 7).

Plaintiff has now filed an Amended Complaint. (*See* Dkt. 10). The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on some of the claims in the Amended Complaint.

1.      **Screening Requirement**

As the Court explained in its Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2.    **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3.    **Discussion**

A.    *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff challenges the medical treatment he received while being held as a pretrial detainee in the Ada County Jail. Plaintiff suffers from pain in his back, neck, shoulder, legs, arms, and teeth. (*Am. Compl.* at 2, 4-5). Plaintiff sought medical treatment from three doctors while he was detained: Dr. Clive, Dr. Dayley, and Dr. McGhinnis.

Dr. Clive stated that unless Plaintiff was dying, there was nothing the doctor could do for him. (*Id.* at 2). All three doctors refused to permit Plaintiff to continue with his previously prescribed pain medication (gabapentin), despite the fact that it was the only medication that "did

anything at all to help with [Plaintiff's] pain." (*Id*. at 4). The doctors also refused to provide Plaintiff with a mouth guard to help with his tooth pain, even though the prison dentist had recommended the mouth guard. (*Id*. at 5).

These allegations are enough to state plausible claims of inadequate medical treatment, under the Due Process Clause of the Fourteenth Amendment, against Drs. Clive, Dayley, and McGhinnis. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (setting forth a standard of objective deliberate indifference when evaluating pretrial detainees' claims of inadequate medical treatment).

However, the Amended Complaint does not state a plausible § 1983 claim against the Ada County Jail. The Amended Complaint suffers from the same deficiencies as the initial Complaint with respect to this Defendant. Nothing in the Complaint plausibly suggests that Ada County had a policy, custom, or practice amounting to deliberate indifference, as is required for § 1983 claims against a local governmental entity. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).

### B.    *State Law Claims*

Plaintiff also asserts state law claims—presumably claims of medical malpractice and negligence. (*Am. Compl*. at 1). The Court will exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367.

The elements of a negligence claim under Idaho law are "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *McDevitt v. Sportsman's Warehouse, Inc.*, 255 P.3d 1166, 1169 (Idaho 2011).

To succeed on a medical malpractice claim, the plaintiff must "affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence" that the defendant medical provider "negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided." Idaho Code § 6-1012. A plaintiff asserting a medical malpractice claim also must first submit the claim to a prelitigation screening panel in accordance with Idaho Code § 6-1001.

Assuming Plaintiff has complied with Idaho's medical malpractice screening requirement, the Amended Complaint states plausible medical malpractice claims against Drs. Clive, Dayley, and McGhinnis. Furthermore, assuming Plaintiff has complied with the Idaho Tort Claims Act, *see* Idaho Code §§ 6-901 through 6-929, the Amended Complaint also states a plausible negligence claim against Ada County.

### C.    Claims against the State of Idaho

As explained in the Initial Review Order, the State of Idaho is immune from suit in federal court pursuant to the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). Therefore, all of Plaintiff's claims against the State are implausible and must be dismissed.

### 4.    Request for Appointment of Counsel

Plaintiff requests appointment of counsel. (*Am. Compl*. at 3). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the

likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Amended Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL, 2017 WL 10777693, at *2 (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment— especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

**CONCLUSION**

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that some are plausible, meaning that the claims will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review Amended Complaint (Dkt. 9) is GRANTED.

2. Because Plaintiff has already been granted in forma pauperis status, his second Application to Proceed in Forma Pauperis (Dkt. 11) is MOOT.

3. Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED.

4. Plaintiff may proceed on his due process and medical malpractice claims against Drs. Clive, Dayley, and McGhinnis. He may also proceed on his negligence claim

---

[1]     The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

against Ada County. All other claims against all other Defendants are DISMISSED, and the State of Idaho is TERMINATED as a party to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the complaint to assert such claims.[2]

5.   Defendant Ada County will be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 10), a copy of this Order, and a Waiver of Service of Summons to **Jan M. Bennetts, Ada County Prosecutor, 200 W. Front Street, Boise, Idaho, 83702**, on behalf of Defendant Ada County.

6.   Should counsel for Ada County determine that service will not be waived on behalf of that entity, she should file a notice within the CM/ECF system, with a copy mailed to Plaintiff.

7.   If Plaintiff receives a notice indicating that service will not be waived for Ada County, Plaintiff will have an additional 90 days from the date of such notice to file

---

[2]       Any such amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

a notice of physical service address of the appropriate individual upon whom service on Ada County must be accomplished, or the claim against the County may be dismissed without prejudice.

8. The identity of the attorneys who might represent the individual Defendants, Drs. Clive, Dayley, and McGhinnis, are unknown. Therefore, within 90 days after entry of this Order, Plaintiff must provide the Court with the physical service addresses of Drs. Clive, Dayley, and McGhinnis so that the Court can accomplish service of process on these Defendants. If Plaintiff does not timely notify the Court of these service addresses, his claims against any unserved Defendants may be dismissed without prejudice.

9. After Defendants appear, the Court will issue an order governing the pretrial schedule in this case, including disclosure and discovery. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019). No discovery may be undertaken before the Court issues the order governing the pretrial schedule.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte

order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

DATED: May 22, 2024

Amanda K. Brailsford
U.S. District Court Judge